IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No.: 3:12-CR-139

vs.

JOSHUA E. KNISLEY                   Judge Thomas M. Rose
                                                             Magistrate Judge Michael J. Newman

        Defendant.

## REPORT & RECOMMENDATION[1]

Defendant was previously charged in a 28-count indictment; he pled guilty to five of the 28 counts: counts 13 (filing a false income tax return); 21, 23 & 26 (wire fraud), and 28 (money laundering). Judge Rose held a sentencing hearing with counsel on October 15, 2013, and Assistant U.S. Attorney Dwight K. Keller and Federal Public Defender Thomas W. Anderson were both afforded an opportunity to file sentencing memoranda thereafter. As was made clear during the hearing and in those memoranda, the amount of restitution was not agreed to by counsel for both sides.

On January 31, 2014, Defendant was sentenced to 15 months on each count, to run concurrently. Doc. 46 at Page ID 354. A 5-year term of supervised release was then also imposed. *Id.* at 355. In view of the parties' dispute as to the amount of restitution due and owing in this matter, the Court deferred that issue to April 29, 2014, and advised counsel that an Amended Judgment Order in a Criminal Case would then issue. *Id.* at 357.

The question of the precise restitution amount was then referred to the undersigned pursuant to Fed. R. Crim. P. 59 and 18 U.S.C. § 3664(d)(6). Docs. 48, 49. The Court held a

---

[1] Attached hereto is a **NOTICE** to the parties regarding objections to this Report and Recommendation.

status conference with counsel for both sides on February 28, 2014, and again on March 4, 2014, and scheduled a hearing for March 24, 2014, at 9:30 a.m. To that end, the Court advised counsel that "it is reserving the entire day for the hearing, and . . . both sides shall have the opportunity to present evidence -- via live testimony, documents admitted into evidence, or otherwise -- that they so choose." Doc. 50.

At the hearing held on March 24, two documents were discussed: Government Exhibit 1 from Judge Rose's October 15, 2013 sentencing hearing; and a copy of a certified letter, mailed on March 12, 2014, by Mr. Keller to Damion McIntosh, a victim in this case, inviting Mr. McIntosh to attend and participate in the March 24th hearing. Both documents are attached to, and incorporated into, this Report and Recommendation.[2] Mr. McIntosh did not appear at the hearing.

Having heard from counsel for both sides in open court on March 24th, the Court makes two findings:

First, during the March 24th hearing, counsel for both sides made clear that they have agreed to the following restitution amounts:

1. Internal Revenue Service (filing false income tax returns) (Counts 13 through 15 and relevant conduct): $66,908.00;

2. Damion McIntosh: $154,960.47;

3. Ian Moses: $40,000.00;

4. Antoine Strijdom: $54,539.54; and

5. Kenneth Knisley: $155,746.11.

Total: $472,154.12

---

[2] Pursuant to the agreement of counsel, Government Exhibit 1 has been amended to provide that the restitution amount owed to Damion McIntosh is $154,960.47. All other amounts are derived from the second column under the Restitution heading labeled "Government Recommendation."

Having reviewed the facts of this matter, the controlling law, and pursuant to the agreement of counsel for both sides, the Court **RECOMMENDS** that Judge Rose **ADOPT** these figures and the total amount of $472,154.12 as the restitution due and owing in this case.

Second, counsel stipulated during the March 24th hearing that, with respect to the scheduling of restitution, the Defendant's father, Kenneth Knisley, shall be paid last.  For good cause shown, and pursuant to the agreement of counsel for both sides, the Court **ALSO RECOMMENDS** that, in its Restitution Order, Judge Rose provide a payment schedule in which McIntosh, Moses, and Strijdom are paid first, pro rata; Kenneth Knisley is paid second; and the IRS is paid last.  *See* 18 U.S.C. § 3664(i); *United States v. Bold*, 412 F. Supp. 2d 818, 824 n.9 (S.D. Ohio 2006).

March 24, 2014                                                                         **/s Michael J. Newman**
                                                                                      United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Crim. P. 45(c), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013) (noting that the rule governing failure to object also applies in criminal cases).